UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH OAKES and SYLVIA OAKES, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>HOLLAND AMERICA LINE, N.V., a Curacao corporation, *et al.*,<br><br>Defendants. | Case No. C14-1257 RSM<br><br>ORDER DENYING DEFENDANTS' MOTION TO CONTINUE TRIAL DATE |

This matter comes before the Court on Defendants' Motion to Continue Trial Date. Dkt. #15. Plaintiffs oppose the continuance. Dkt. #19. For the reasons below, the Court finds Defendants have failed to present a compelling reason to justify continuing the trial date.

Plaintiff Joseph Oakes alleges injury on a cruise ship occurring on August 15, 2013. Dkt. #1 at 3-4. Plaintiffs filed this lawsuit on August 14, 2014. *Id.* at 7. On October 2, 2014, the parties were informed of their trial date, November 2, 2015. Dkt. #10. On August 20, 2015, Defendants brought this Motion seeking to continue trial to January, 2016. Dkt. #15.

Defendants cite three reasons for their request. First, Defendants argue that they have a trial conflict with another case, *Hausman v. Holland Am. Line-USA*, Case No. 13-937BJR, set for "two to three weeks" to begin October 19, 2015. Dkt. #15 at 2-3. Second, Defendants

ORDER DENYING DEFENDANTS'
MOTION TO CONTINUE TRIAL DATE - 1

argue that witnesses Dr. Jackson Horsely and Nurse Elaine Almquist, who examined Plaintiff onboard the vessel where the injury occurred, "will be working aboard cruise ships until early December and therefore are unavailable for trial." *Id.* at 4.  Third, Defendants argue that the recently extended mediation date of October 7, 2015, does not provide "sufficient time [to] negotiate prior to trial." *Id.* at 5.[1]

In Response to Defendants' first reason, Plaintiffs argue that there does not appear to be a direct scheduling conflict between *Hausman* and this case. Dkt. #19 at 4. To the second reason, Plaintiffs argue that Defendants have known of the trial date for nearly a year, have had ample opportunity to coordinate the work schedules of their key witnesses, and can still currently "make scheduling adjustments." *Id.* at 3. To the third reason, Plaintiffs point out that Defendants fail to provide any support for the contention that the current mediation date will not afford enough time to negotiate prior to trial. *Id.* at 3. Finally, Plaintiffs argue that a continuance of the trial will unfairly prejudice Plaintiffs, and would not likely be a "brief" continuance due to further scheduling conflicts. *Id.* at 4.

Rule 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." As to Defendants' first reason for the continuance, upon review of the docket in the *Hausman* case, it appears that there is not an actual trial conflict, but rather the scheduling of back-to-back trials. *See* Case No. 13-937BJR, Dkt. #131 (Minute Entry stating "the jury trial shall last 2 weeks"); Dkt. #134 (Minute Order setting trial with four days for each side). Defendants' statement that "the trial is expected to go as long as three weeks," made on September 3, 2015, a day after the above Minute Entry set trial as two weeks, is disingenuous. *See* Dkt. # 20 at 5. While the scheduling of back-to-back trials is less than ideal, it appears that

---

[1] Defendants also appear to argue that Plaintiffs' extensive travel plans during this litigation have slowed the pace of discovery, but do not adequately connect this argument with a reason for extending the trial date further. *See* Dkt. #15 at 5.

ORDER DENYING DEFENDANTS'
MOTION TO CONTINUE TRIAL DATE - 2

Defendants knew of this issue as early as June 2, 2015, when the *Hausman* trial was rescheduled, yet waited over two months to file the instant Motion. *See* Case No. 13-937BJR, Minute Order dated June 2, 2015 (setting a trial date of October 19, 2015). Considering all of the above, the Court finds Defendants' first reason fails to constitute good cause for a continuance.

As to Defendants' second reason—witnesses at sea—the Court finds that Defendants have had ample warning of the need to make these individuals available for trial in November. Defendants presumably have heightened control over the availability of their own employees, and offer no explanation for their inability to make these witnesses available other than that their employment will take them abroad, an entirely foreseeable problem for a cruise line. The Court finds this reason fails to constitute good cause.

As to Defendants' third reason—the proximity of mediation to trial—the Court finds that Defendants have failed to persuade the Court that the current time between mediation and trial is insufficient for negotiations, and thus this reason fails to constitute good cause.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Continue Trial Date, Dkt. #15 is DENIED. Trial remains set for November 2, 2015.

DATED this 16th day of September 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANTS'
MOTION TO CONTINUE TRIAL DATE - 3